# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 13 |
| | ) | |
| Richard Reuland and | ) | Case Number: 12-17133 |
| Elizabeth Reuland, | ) | |
| | ) | Honorable Janet S. Baer |
| Debtors. | ) | |
| | ) | |
| | ) | |
| Richard Reuland and Elizabeth Reuland, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adversary No. _____ |
| | ) | |
| United States of America | ) | |
| Department of the Treasury | ) | |
| Internal Revenue Service Division, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY
OF CERTAIN TAX PENALTIES AND RELATED INTEREST**

**NOW COME** Richard and Elizabeth Reuland ("Plaintiffs"), by their attorney, Jon Dowat, against The United States of America, Department of the Treasury, Internal Revenue Service ("Defendant"), and hereby complain as follows:

**NATURE OF ACTION**

1. This is an adversary proceeding by Plaintiffs against Defendant to determine the dischargeability of certain tax penalties and related interest.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1334(b) because this adversary proceeding arises in, arises under, and is related to the Chapter 13 case, *In re Richard Reuland and Elizabeth Reuland*, concluded in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, as Case No. 12-17133.

3. By virtue of 28 U.S.C. § 157(a) and Local Rule 2.33 of the United States Bankruptcy Court for the Northern District of Illinois, this adversary proceeding is automatically referred to the Bankruptcy Court.

4. This action is brought pursuant to 11 U.S.C. §§ 524(a)(2), 1327(a), and 1141(a)(2) and is a core proceeding under 28 U.S.C. § 157(b) to determine dischargeability of certain tax debts. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

## FACTS

5. Plaintiffs commenced the above-referenced bankruptcy proceeding on April 26, 2012, by filing a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code.

6. This Chapter 13 case was filed to save Plaintiffs' home from foreclosure and to pay off past federal and state income taxes.

7. Defendant is a federal agency with the Chicago offices at 230 South Dearborn Street, 17th Floor, Chicago, Illinois 60604.

8. Defendant asserted claims against Plaintiffs in the amount of $73,290.44 in unsecured priority claims and $55,595.00 in general unsecured claims.

9. These claims were for tax years 2002, 2003, 2004, 2005, 2006, 2007, 2008, 2009, 2010, 2011, and 2012.

10. The entire tax liability, both the unsecured priority claims and the general unsecured claims, resulted from tax returns filed in 2012 for tax years referenced above. See Exhibit A, Proof of Claim filed by Defendant on June 12, 2014, attached hereto.

11. Plaintiffs filed their Chapter 13 plan on April 26, 2012, and later modified said plan on September 25, 2012, to incorporate the corrected tax amounts contained in Defendant's proof of claim.

12. The Chapter 13 plan proposed to pay the general unsecured creditors a 13% dividend.

13. Defendant never objected to the original Chapter 13 plan or the modified Chapter 13 plan.

14. Plaintiffs' plan was confirmed on November 2, 2012, and Plaintiffs dutifully made their scheduled plan payments.

15. Plaintiffs' plan paid Defendant $73,290.44 on a priority tax claim.  Plaintiffs' plan also paid $3,424.50 to Defendant on a general unsecured tax claim of $55,595.00 as specified in Plaintiffs' Chapter 13 plan.

16. The bar date for government agencies to file proof of claim in this case was October 23, 2012.

17. Plaintiffs received their discharge on February 14, 2017.

18. Two months following the discharge, Plaintiffs received collection notices for tax debts that were discharged in the bankruptcy.  Specifically, Defendant is attempting to collect the general unsecured tax claims discharged in Plaintiffs' Chapter 13 plan.

**COUNT ONE**

**VIOLATION OF THE ORDER OF CONFIRMATION**

19. The Plaintiffs' order of confirmation is a final judgment from which Defendant did not

appeal. This is to be given res judicata effect as to those issues that were decided, or could have been decided, at the time of the confirmation. *In re Guilbeau*, 74 B.R. 14 (Bankr. W.D. La. 1987), (citing 11 U.S.C. § 1327(a)).

20. Defendant was provided ample notice when Plaintiffs filed their bankruptcy petition, when Plaintiffs filed their modified Chapter 13 plan, and when Defendant was notified of the order of confirmation. Defendant failed to assert its rights by objecting to the plan treatment of its claim or appealing the confirmation of the plan.

21. "Where, … a party is notified of a plan's contents and fails to object to confirmation of the plan before the time for appeal expires, that party has been afforded a full and fair opportunity to litigate…" *United Student Aid Funds, Inc. v. Espinoza*, 559 U.S. 260 (2010). Therefore, Defendant cannot argue that the Court's ruling is void and that Defendant is not bound by the order of confirmation.

22. By pursuing collection actions against Plaintiffs, Defendant is ignoring the finality of the order of confirmation. Defendant was given proper notice and chose not to contest the Chapter 13 plan thus waiving its right to exempt itself from the provisions of the Chapter 13 plan.

## COUNT TWO

### VIOLATION OF THE DISCHARGE INJUNCTION

23. Under 11 U.S.C. § 524(a)(2)(3), the effect of a discharge is to act as an injunction against the commencement of continuation of an action, employment of process, or any act to collect on any debt.

24. By continuing to collect taxes that were discharged in Plaintiffs' Chapter 13 bankruptcy, Defendant has denied the Bankruptcy Court's strong policy favoring the finality of confirmation.

25. In previous communication with Plaintiffs' bankruptcy attorney, Defendant contends that

these taxes were not dischargeable under § 523.  However, Defendant's failure to affirmatively raise an objection at the confirmation or failure to appeal the confirmation precludes Defendant from complaining that the provisions of the plan violate the Bankruptcy Code.  *Lawrence Tractor Co. v. Gregory,* 706 F2d 1118, 1121 (9th Cir. 1983).

26. The primary issue is not whether the general unsecured non-priority taxes are dischargeable.  The issue is whether once confirmed the Chapter 13 plan is binding on the parties under § 1327(a).

27. Plaintiffs' Chapter 13 plan was confirmed, no appeal challenging the confirmation of the order was brought, all payments under the Chapter 13 plan have been made, and the order of discharge was entered.  The purpose of § 1327(a) is the same as the general doctrine of res judicata allowing all parties to rely on the finality of a confirmation without fear of a later revocation of the discharge order.

28. By ignoring the discharge order, Defendant is in willful violation of both the doctrine of res judicata as well as § 1327 (a) of the Bankruptcy Code.

**WHEREFORE,** for the reasons set forth above, Richard and Elizabeth Reuland, by their attorney, Jon Dowat, pray this Honorable Court enter an order as follows:

A.  An order in favor of Plaintiffs and against Defendant finding that the Plaintiffs' liability for taxes, penalties, and interest are dischargeable and discharged for tax years 2002, 2003, 2004, 2005, 2006, 2007, 2008, 2009, 2010, 2011, and 2012.

B.  That Defendant be permanently enjoined from collecting tax liabilities for tax years 2002, 2003, 2004, 2005, 2006, 2007, 2008, 2009, 2010, 2011, and 2012 in keeping with the order of

discharge issued February 14, 2017.

   C. That Defendant pay attorney fees and costs for this adversary complaint.

   D. Such further relief as this Honorable Court may deem just and proper.


                                           Respectfully submitted,

Dated: <u>January 8, 2018</u>

                               By:    /s/ Jon Dowat
                                           Attorney for Plaintiffs
                                           Federal Bar No. 6284536
                                           Thinking Outside the Box Law, Inc.
                                           40 Shuman Boulevard, Suite 320
                                           Naperville, IL 60563